907 F.2d 1365
 53 Fair Empl.Prac.Cas. 502,
54 Empl. Prac. Dec. P 40,056
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
v.
WESTINGHOUSE ELECTRIC CORPORATION.
Appeal of UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.
 No. 87-5174.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 20, 1987.
Reargued Jan. 16, 1990.
Decided July 5, 1990.
Mandates Stayed Pending Disposition
of Rehearing Petitions
Sept. 27, 1990.
 
 A. Leon Higginbotham, Jr., Chief Judge, concurred in part and dissented in part and filed opinion.
 Vella M. Fink, (Argued 1/16/90), Gale Barron Black, (Argued 10/20/87), E.E.O.C., Washington, D.C., for appellant.
 Jerome J. Shestack, (Argued 1/16/90), James D. Crawford, (Argued 10/20/87), Deena Jo Schneider, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Andrew M. Kramer, Jones, Day, Reavis & Pogue, Washington, D.C., for appellee.
 Before HIGGINBOTHAM, Chief Judge*, and SCIRICA and GARTH, Circuit Judges.
 OPINION OF THE COURT
 SCIRICA, Circuit Judge.
 
 
 1
 This is an appeal from a grant of summary judgment dismissing an action brought by the Equal Employment Opportunity Commission ("EEOC") against Westinghouse Electric Corp. on behalf of certain laid-off employees of the Westinghouse plant at Belleville, New Jersey. In its complaint, EEOC claimed that Westinghouse willfully violated Section 4(a) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 623(a) (1982), by implementing benefit plans that denied severance pay to laid-off employees who were eligible to receive retirement benefits. In response to cross-motions for summary judgment, the United States District Court for the District of New Jersey held that a two-year statute of limitations governed the action because the record established that Westinghouse did not willfully violate ADEA. E.E.O.C. v. Westinghouse Electric Corp., 646 F.Supp. 555, 566 (D.N.J.1986). After considering the submissions and arguments of both parties, the district court concluded that the cause of action accrued more than two years before the complaint was filed and dismissed the case as untimely. E.E.O.C. v. Westinghouse Electric Corp., 651 F.Supp. 1172, 1173 (D.N.J.1987). EEOC appealed.
 
 
 2
 Since then, we have reconsidered our decision in the Pennsylvania case, E.E.O.C. v. Westinghouse Electric Corp., 869 F.2d 696 (3d Cir.1989), vacated, --- U.S. ----, 110 S.Ct. 37, 107 L.Ed.2d 7 (1989), in light of the Supreme Court's decision in Public Employees Retirement System of Ohio v. Betts, --- U.S. ----, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989). We held that under the principles announced in Betts, Westinghouse's 1979 and 1982 benefit plans, which precluded or limited the opportunity for laid-off retirement-eligible employees to receive severance pay, did not violate ADEA because the plans did not discriminate with respect to recall or transfer rights--as asserted by EEOC--and because the plans did not require or permit involuntary retirement. E.E.O.C. v. Westinghouse Electric Corp., 907 F.2d 1354 (3d Cir.1990).
 
 
 3
 There are no legally significant differences between the plans considered in the Pennsylvania case (the 1979 and 1982 Layoff Income and Benefits Plans (LIB) and Pension Plans) and the plans at issue here (the 1976 Layoff Income and Benefits Plan (LIB) and Pension Plan).[1] Moreover, EEOC has relied upon the same theories for asserting liability under ADEA in this case as it did in the Pennsylvania case. For the reasons stated in E.E.O.C. v. Westinghouse Electric Corp., 907 F.2d 1354 (3d Cir.1990), we hold that the plans do not violate ADEA under the theories set forth by EEOC. Therefore, we will affirm the district court's order granting summary judgment to Westinghouse.
 
 
 4
 Each side to bear its own costs.
 
 
 5
 A. LEON HIGGINBOTHAM, Jr., Chief Judge, concurring in part and dissenting in part.
 
 
 6
 In this case, the majority affirms the district court's summary judgment order on the basis of the court's opinion in the companion case of E.E.O.C. v. Westinghouse Electric Corp., 907 F.2d 1354 (3d Cir.1990). I concur in part and dissent in part from the court's opinion here for the reasons expressed in my partial dissent in 907 F.2d 1354.
 
 ORDER
 
 7
 Sept. 27, 1990.
 
 
 8
 Pursuant to Fed.R.App.P. 41(a), it is hereby ORDERED that the mandates in the above matters are STAYED, pending disposition of the Petitions for Panel Rehearing submitted by the Equal Employment Opportunity Commission.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr. became Chief Judge on January 16, 1990
 
 
 [1]
 We inquired of EEOC and Westinghouse whether any differences existed between the plans at issue in the New Jersey and Pennsylvania cases, and if so, whether the differences were of legal significance. The parties identified only minor differences between the plans. For example, the parties noted that the Pennsylvania severance plans provided the option of lump sum payment of 1.5-2 weeks of pay per year of service upon location closedown while the New Jersey plan provided only one week of pay per year of service. The Pennsylvania plans permitted early retirement at many different combinations of age and years of employment whereas the New Jersey plans had only three separate levels. Finally, the amount of money paid to retirees varied slightly under the two sets of plans
 These differences have no bearing on our holding that Westinghouse's Pennsylvania plans, and hence its New Jersey plans, do not violate ADEA under the theories set forth by EEOC.