930 F.2d 329
 55 Fair Empl.Prac.Cas. 995,
56 Empl. Prac. Dec. P 40,708,
13 Employee Benefits Ca 2228
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
v.
WESTINGHOUSE ELECTRIC CORPORATION.
Appeal of UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.
 No. 87-5174.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 20, 1987.
Reargued Jan. 16, 1990.
Panel Rehearing Granted Sept. 20, 1990.
Reargued Oct. 9, 1990.
Decided April 19, 1991.
 
 Vella M. Fink (argued on Jan. 16, 1990), Carolyn L. Wheeler (argued at panel rehearing on Oct. 9, 1990), Donald R. Livingston, and Gwendolyn Young Reams, E.E.O.C., Washington, D.C., for appellant.
 Jerome J. Shestack (argued on Jan. 16, 1990 and at panel rehearing on Oct. 9, 1990), Deena Jo Schneider, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Andrew M. Kramer, Patricia A. Dunn, Glen D. Nager, Jones, Day, Reavis & Pogue, Washington, D.C., Henry W. Ewalt, Westinghouse Elec. Corp., Pittsburgh, Pa., and Moses Lasky, Lasky, Haas, Cohler, & Munter, P.C., San Francisco, Cal., for appellee.
 Ann Elizabeth Reesman, McGuiness & Williams, Washington, D.C., for amicus curiae, Equal Employment Advisory Council on behalf of appellant.
 Cathy Ventrell-Monsees, American Ass'n of Retired Persons, Washington, D.C., for amicus curiae, American Ass'n of Retired Persons on behalf of appellee.
 Argued Oct. 20, 1987
 Before HIGGINBOTHAM, Chief Judge, and SCIRICA and GARTH, Circuit Judges.
 Reargued Jan. 16, 1990
 Before HIGGINBOTHAM, Chief Judge, and SCIRICA and GARTH, Circuit Judges.Reargued Oct. 9, 1990
 Before HIGGINBOTHAM, Chief Judge,* and BECKER and GARTH, Circuit Judges.
 
 OPINION OF THE COURT
 GARTH, Circuit Judge
 
 1
 With this opinion, we add still another, and hopefully final, chapter to this lengthy and complicated litigation between the Equal Employment Opportunity Commission, ("EEOC"), and the Westinghouse Electric Corporation, ("Westinghouse"). EEOC had initially filed two actions under the Age Discrimination in Employment Act, ("ADEA"), against Westinghouse, one in Pennsylvania, No. 86-1226, and the instant one in New Jersey, No. 87-5174.[1] The Pennsylvania action had an extended procedural history, which included a remand to this court from the Supreme Court, as well as a panel rehearing. Ultimately, we filed an opinion in January, 1991, in which we directed that the district court in the Pennsylvania action enter judgment for Westinghouse. EEOC v. Westinghouse Electric, 925 F.2d 619 (3d Cir.1991) (providing detailed procedural history of the litigation of both actions).[2]
 
 
 2
 In so holding, we had determined that: 1) following the Supreme Court's ruling in Public Employees Retirement System of Ohio v. Betts, 492 U.S. 158, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989), a denial of severance pay, without more, to older workers did not constitute a violation of ADEA; 2) EEOC was not entitled at the present juncture to adduce further proofs that Westinghouse intended its severance plan to impact adversely on older employees' nonfringe benefits, because EEOC had failed to prove any such intent at trial and had conceded that Westinghouse's plans were not a subterfuge to evade ADEA; and 3) the challenged benefit plans did not compel the involuntary retirement of older workers.
 
 
 3
 In contrast to the Pennsylvania case where the complaint and Revised Joint Pretrial Order charged violations of the ADEA in connection with severance pay and reemployment rights of recall and transfer, here, in the instant New Jersey proceeding, EEOC had charged Westinghouse with violating the Act only by denying severance pay to retirement-eligible employees. The New Jersey complaint made no reference to recall or transfer rights and, as we relate here, at all times EEOC disclaimed any intention to charge, or expand upon, additional employee practices of Westinghouse alleged to have violated ADEA. See (NJ App. 61-63).[3] The New Jersey action was disposed of through summary judgment proceedings in the district court rather than by trial. In a series of three opinions, the New Jersey district court determined that the statute of limitations barred EEOC's claims.[4]
 
 
 4
 Although this court heard oral argument in the appeal of both the Pennsylvania and the New Jersey cases, we did not file an opinion in the New Jersey case at the time that we filed our Pennsylvania opinion, 925 F.2d 619, because of the difference in the procedural postures of the two cases. The Pennsylvania case did not involve any statute of limitations issue and came to us after a full trial, whereas the New Jersey case, as noted, was the result of summary judgment entered for Westinghouse on the basis of a statute of limitations bar.
 
 
 5
 After we filed our opinion in the Pennsylvania case, we sought additional briefing from the parties, largely related to the question of whether and/or how our disposition in the Pennsylvania case affected, if at all, the pending disposition of the New Jersey case.[5] Accordingly, we sought answers to our questions concerning the binding effect, if any, of the Pennsylvania decision on the New Jersey case; whether any principles of estoppel precluded different dispositions; the effect on the New Jersey case of EEOC's concessions made during the Pennsylvania litigation; whether any other theory should lead to different dispositions of the two cases; and whether the statute of limitations barred the New Jersey action altogether.
 
 
 6
 We conclude that, in light of Betts, 109 S.Ct. 2854, and our decision in the Pennsylvania case, 925 F.2d 619, EEOC's claim that Westinghouse violated the ADEA by denying severance pay to its retirement-eligible employees at the New Jersey plant cannot be sustained. We will, therefore, affirm the district court's entry of summary judgment in favor of Westinghouse, although we do so on a different ground than the statute of limitations.
 
 I.
 
 7
 Westinghouse has presented us with a number of reasons why we should affirm the district court's entry of summary judgment on its behalf on statute of limitations grounds. See EEOC v. Westinghouse, 651 F.Supp. 1172 (D.N.J.1987). Westinghouse argues that, under either a two or three year statute of limitations, the New Jersey action must be barred.[6] In addition, in its supplemental brief, Westinghouse has argued that, pursuant to the doctrine of collateral estoppel, and by reason of the concessions made by EEOC, the disposition of the Pennsylvania case in Westinghouse's favor binds us to dispose of the New Jersey case in the same manner. We, of course, can affirm the district court on any ground. PAAC v. Rizzo, 502 F.2d 306, 308 n. 1 (3d Cir.1974), cert. denied, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975). We affirm, therefore, having concluded that those provisions of Westinghouse's severance pay plan which EEOC has challenged did not violate the ADEA.
 
 II.
 
 8
 As we have earlier noted, the complaint filed by EEOC in the Pennsylvania proceeding differed significantly from the complaint on which EEOC relied in the New Jersey case. EEOC's Pennsylvania complaint not only charged a denial of severance pay, but it also charged, among other things, that Westinghouse had denied recall to work to laid-off, retirement-eligible employees. The New Jersey complaint charged only that, because severance pay was denied to retirement-eligible employees, Westinghouse had violated the ADEA. The difference between the two complaints can best be appreciated by a comparison of their relevant texts.
 
 
 9
 The Pennsylvania Second Amended Complaint, i.e., the complaint on which the parties went to trial, read in relevant part:
 
 
 10
 7. Since at least 1980, and continuously up until the present time, Defendant at all of its facilities nationwide has willfully maintained unlawful employment policies and practices in violation of Section 4(a) of the ADEA, 29 U.S.C. Section 623(a), including, but not limited to the following: (1) denying layoff income benefits (LIB) to employees laid off prior to July, 1982 who were eligible for any type of retirement; (2) after July, 1982, giving laid off employees the option of selecting either LIB or retirement, but not both; (3) forcing laid off employees to retire prior to age 70 because LIB was not available; (4) denying early retirement to laid off employees who chose LIB; (5) denying recall to work to employees who were laid off and forced to retire; and (6) giving lower retirement benefits to laid off employees who were not eligible for retirement because of age at the time of their layoff, but who later became qualified for retirement benefits.
 
 
 11
 8. The effect of the policies and practices complained of in paragraph 7 above has been to unlawfully deny to its employees back pay, LIB, fringe benefits, seniority rights, recall rights and otherwise adversely affect their terms, conditions, privileges of employment, or status as employees, because of such employees' ages.
 
 
 12
 (PA App. at 39-40).
 
 
 13
 The amended complaint in the New Jersey proceeding states, in relevant part:
 
 
 14
 7. Since before April 1, 1977, Defendant has willfully violated and is now willfully violating the provisions of Section 4(a) of the ADEA, 29 U.S.C. Sec. 623(a), by its failure to provide severance pay to terminated employees age 55 and older who have had ten years service with the Defendant and who are eligible for retirement benefits.
 
 
 15
 (NJ App. at 61). As can be seen, the New Jersey complaint makes no mention of any recall or transfer rights, nor does it charge any violation other than the failure to provide severance pay.
 
 
 16
 It is significant to us that at no time did EEOC seek to amend the New Jersey complaint in order to charge violations based on nonfringe benefits, i.e., recall and transfer rights. EEOC did seek to amend its complaint in order to add some sixty-four plaintiffs. The court granted that motion, but in amending its complaint, EEOC did not seek to add any charges against Westinghouse concerning Westinghouse's recall and transfer rights. Subsequently, EEOC again sought to amend its New Jersey complaint, but its effort in this regard was not to add charges of discrimination respecting nonfringe benefits, but was, rather, to have its complaint be given nationwide effect. This amendment was denied.
 
 
 17
 Westinghouse calls our attention to the argument made by EEOC at the time it sought to amend its complaint "to expand this action to nationwide scope." (NJ App. 69). EEOC's counsel represented:
 
 
 18
 [Counsel for Westinghouse] indicates that if the amendment is granted that we will not be content to limit this matter to the one allegation that is alleged, but we will seek to expand it to include 13 other allegations. That's incorrect. We do not intend to do that. We believe that we are barred from bringing in other allegations.
 
 
 19
 (NJ App. 134) (emphasis added). In seeking to emphasize the need for additional evidence to prove a willful violation of the Act by Westinghouse, EEOC itself acknowledged that the New Jersey action did not charge a denial of reemployment opportunities to Westinghouse's Belleville employees. Its supplemental brief to this court disclaimed the fact that issues concerning recall and transfer rights were a part of its discrimination case.
 
 
 20
 Even though this action does not embrace an allegation that Westinghouse violated the Act by denying reemployment opportunity to those Belleville employees who were eligible for retirement when laid off, and thus Plaintiff is not entitled to a remedy for this violation, nonetheless the evidence establishing this violation is highly probative on the issue of whether Westinghouse engaged in a willful violation of the Act when it denied layoff benefits to its retirement eligible employees. Both violations--the denial of layoff benefits and forced retirement due to denial of reemployment--were combined in a deliberate scheme to rid the workforce of the older employees. Westinghouse's systematic pursuit of this scheme reflects a willful violation of the Act.
 
 
 21
 Second Supplemental Brief in Support of the EEOC's Motion for Summary Judgment and Brief in Opposition to Defendant's Cross-Motion for Summary Judgment, dated October 26, 1986, quoted in Supplemental Brief of EEOC, dated February 27, 1991, at 5-6 (emphasis added). These statements bolster Westinghouse's argument and persuade us that recall and transfer rights were never considered to be at issue in the New Jersey action. Indeed, the three New Jersey district court opinions, dealing with the statute of limitations issues presented in the New Jersey proceeding, understandably make no mention of recall and transfer rights. See supra note 4.
 
 
 22
 Despite the recognition by EEOC that the complaint in the New Jersey action had limited its claims merely to a denial of severance pay and did not charge discrimination with reference to recall and transfer rights, EEOC nevertheless, in its most recent brief, continued to address the issue before us in terms of "whether Westinghouse's 1976 pension and LIB plans were a subterfuge for discrimination in reemployment rights of recall and transfer, for a number of reasons." Supplemental Brief of EEOC, dated February 27, 1991, at 2. Indeed, EEOC concludes its brief by stating that "[i]f the Commission can demonstrate that Westinghouse intended to use its benefits and pension plans to discriminate in reemployment rights protected by the ADEA, that proof should also demonstrate the company's knowing or reckless disregard for whether its conduct comports with the ADEA." Id. at 11 (emphasis added). Accordingly, EEOC still argues that there are genuine issues of material fact in dispute on the question of Westinghouse's motivation and intent in adopting the severance and pension plan provisions at issue.
 
 
 23
 We cannot agree. As the record clearly reveals, despite opportunities to amend its complaint in the New Jersey proceeding, EEOC was content to put in issue only one claim: that denying severance pay to retirement-eligible employees violated the ADEA. But, our recent opinion in the Pennsylvania case, following Betts, 109 S.Ct. 2854, holds otherwise: the mere denial of severance pay, without more, is not actionable under ADEA. Hence, not only has EEOC failed to assert a violation of the Act, but, lacking a violation, certainly no willful violation by Westinghouse may be claimed. 925 F.2d at 625-26.
 
 
 24
 Moreover, absent a charged violation of the Act in EEOC's complaint, we need not concern ourselves with statute of limitations defenses, or, for that matter, with the other arguments advanced by Westinghouse which would lead to an affirmance of the district court's ruling in favor of Westinghouse.[7] We are satisfied that the only ground on which EEOC rested its case against Westinghouse may not be sustained.
 
 
 25
 We will, therefore, affirm the January 13, 1987 order of the district court entered in favor of Westinghouse and against EEOC.
 
 
 
 *
 Honorable A. Leon Higginbotham, Jr. was Chief Judge until February 1, 1991, when he assumed Senior Judge status
 
 
 [1]
 For ease in reference, we have designated the Pennsylvania case by its appeal docket No. 86-1226 and the New Jersey case by its appeal docket No. 87-5174
 
 
 [2]
 Judge Higginbotham filed a dissent in which he expressed the view that EEOC should have been allowed the opportunity to adduce further evidence on the issue of "subterfuge" in light of the new standards enunciated in Public Employees Retirement System of Ohio v. Betts. See EEOC v. Westinghouse Electric, 925 F.2d at 634-37
 
 
 [3]
 We will refer to the appendix filed in the Pennsylvania case as "PA App." and to the appendix filed in the New Jersey case as "NJ App."
 
 
 [4]
 See EEOC v. Westinghouse, 577 F.Supp. 1029 (D.N.J.1982), rev'd, 725 F.2d 211 (3d Cir.1983); EEOC v. Westinghouse, 646 F.Supp. 555 (D.N.J.1986); EEOC v. Westinghouse, 651 F.Supp. 1172 (D.N.J.1987)
 
 
 [5]
 We were satisfied after supplemental briefing that the benefit plans at issue in both the New Jersey and the Pennsylvania cases contained no significant differences. See EEOC v. Westinghouse, 907 F.2d 1365, 1366 n. 1 (3d Cir.1990), vacated, 917 F.2d 123 (3d Cir.1990)
 
 
 [6]
 Westinghouse argues that even under a three year statute of limitations, EEOC's claim is barred because any intent by Westinghouse to evade the ADEA through the use of severance pay to effect a subterfuge would have accrued when the plans were adopted in 1976, and the New Jersey complaint was not filed until March of 1980. See, e.g., Lorance v. AT & T, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989). In light of our conclusion that a mere denial of severance pay, without more, does not violate the ADEA, we express no opinion as to the merits of this argument
 
 
 [7]
 In addition to its statute of limitations arguments, Westinghouse has also argued that collateral estoppel precluded the cases from resulting in different dispositions; that EEOC had waived any substantive claim of a subterfuge as to recall and transfer rights; and that EEOC should be bound by its concessions, made during the New Jersey litigation, that both cases should be decided the same way. Two examples of the concessions made by EEOC follow
 At oral argument in its first appeal to this court in the New Jersey case, counsel for EEOC was asked: "Suppose Judge Katz's decision [in the Pennsylvania case] is appealed and Judge Katz is reversed. What is the implication? Will that then be binding on you in this [New Jersey] case?" Counsel for EEOC responded: "Yes, it would, Your Honor." Transcript of Oral Argument of October 20, 1987, in case No. 87-5174, at 5-6, cited in, Supplemental Brief of Westinghouse, dated March 13, 1990, at 6. Similarly, in a Supplemental Brief to this court, EEOC explicitly acknowledged that "[t]he ultimate resolution of the Pennsylvania case should be dispositive of the merits of this case since both involve challenges to the identical Westinghouse benefit program." Supplemental Brief of EEOC in case No. 87-5174, dated September 24, 1989, at 2 (emphasis added), cited in, Supplemental Brief of Westinghouse, dated March 13, 1990, at 7.